UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| AT&T MOBILITY LLC,<br>          Plaintiffs | CIVIL ACTION NO. |
| VERSUS | SECTION |
| JOHN DOES a/k/a HEADHANCHOBRCC<br>@GMAIL.COM; BIGMAMABRCC@<br>GMAIL.COM; IMTOOUPPITYFOR<br>THISJOB@GMAIL.COM; IINFECTED<br>BRCC@GMAIL.COM; AND XYZ<br>CORPS.,<br>          Defendants | MAGISTRATE |

**COMPLAINT**

Plaintiff, AT&T Mobility LLC (AT&T), through its undersigned counsel, brings this Complaint against Defendants, John Does a/k/a headhanchobrcc@gmail.com; bigmamabrcc@gmail.com; imtoouppityforthisjob@gmail.com; iinfectedbrcc@gmail.com; and XYZ Corps. ("Defendants"), and alleges as follows:

**SUMMARY AND NATURE OF THE ACTIONS**

1.

AT&T files this Complaint to stop unwanted, fraudulent, deceptive, and illegal electronic communications regarding false emergency situations, office closures, dress codes, safety concerns, and job performance issues to AT&T and certain of its employees located in call centers in Baton Rouge, Louisiana, Jackson, Mississippi, and Austin, Texas.

2.

The Defendants are using anonymous gmail.com email accounts to intentionally transmit unwanted, fraudulent, deceptive, and illegal electronic communications aimed at disrupting services at the aforementioned AT&T call centers and resulting in damage to AT&T computer

systems. This conduct is expressly prohibited by the Computer Fraud and Abuse Act (18 U.S.C. § 1030) and other state law causes of action.

3.

Defendants are using anonymous gmail.com email accounts and have sent five or more emails to hundreds of AT&T employees located in the aforementioned call centers. These emails are being distributed via internal AT&T email distribution lists. As a result, AT&T has been forced to reconfigure its email distribution systems, perform scans for malicious programs, and install electronic safety measures – all of which resulted in damage to AT&T's computer systems.

4.

AT&T brings this action to protect the safety and privacy of its employees and to prevent further damage to its computer systems through the entry of an injunction prohibiting Defendants' illegal conduct and an award of damages under both federal and state law.

## PARTIES

5.

AT&T is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.

6.

The identities and addresses of Defendants are presently unknown to AT&T. Defendants, or those acting on their behalf, have committed the tortious acts described herein under the aliases headhanchobrcc@gmail.com; bigmamabrcc@gmail.com; imtoouppityforthisjob@gmail.com; and iinfectedbrcc@gmail.com, all of which are anonymous gmial.com email accounts, and have thereby caused injury to AT&T. AT&T will amend this Complaint to set forth the true names of such defendants when they are discovered.

{L0202072.1}

2

## JURISDICTION AND VENUE

7.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8.

This Court has personal jurisdiction over Defendants because Defendants have engaged in a persistent course of illegal conduct by sending numerous unwanted, fraudulent, deceptive, and illegal electronic communications to AT&T call centers in this District thereby causing harm to AT&T in this District in violation of federal and state law.

9.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to AT&T's claims, as well as part of the property that is the subject of AT&T's claims, are located in this District.

## FACTS RELEVANT TO ALL COUNTS

10.

Using the anonymous email address headhanchobrcc@gmail.com and falsely identifying themselves as Patrick Reynolds, Defendants sent an electronic communication to AT&T, certain of AT&T's employees, and AT&T call centers in Baton Rouge, Louisiana, Jackson, Mississippi, and Austin, Texas on April 13, 2012 wherein Defendants complained of certain issues regarding AT&T call center employee policies.

11.

Using the anonymous email address bigmamabrcc@gmail.com and falsely identifying themselves as Patricia Terrell, Defendants sent an electronic communication to AT&T, certain of

{L0202072.1}

3

AT&T's employees, and AT&T call centers in Baton Rouge, Louisiana and Jackson, Mississippi on April 18, 2012 wherein Defendants falsely stated that the Baton Rouge and Jackson call centers would be closing on August 15, 2012 due to low call volume and that employees would be contacted regarding relocation and/or severance packages.

12.

Using the anonymous email address bigmamabrcc@gmail.com and falsely identifying themselves as Patricia Terrell, Defendants sent an electronic communication to AT&T, certain of AT&T's employees, and AT&T call centers in Baton Rouge, Louisiana and Jackson, Mississippi on April 19, 2012 wherein Defendants falsely stated that all employees would be required to wear business casual attire effective May 1, 2012.

13.

Using the anonymous email address imtoouppityforthisjob@gmail.com and falsely identifying themselves as Susie Byars, Defendants sent an electronic communication to AT&T, certain of AT&T's employees, and AT&T call centers in Baton Rouge, Louisiana and Jackson, Mississippi on April 23, 2012 wherein Defendants falsely stated that due to an emergency in the building, all employees were to clock out for the remainder of their shift. The AT&T employees were further told "[p]lease do not panic and do this in an orderly fashion."

14.

Using the anonymous email address iinfectedbrcc@gmail.com and falsely identifying themselves as Tracey Tell, Defendants sent an electronic communication to AT&T, certain of AT&T's employees, and AT&T call centers in Baton Rouge, Louisiana and Jackson, Mississippi on April 24, 2012 wherein Defendants initiated a fraudulent survey regarding safety concerns.

15.

All of the above emails sent to AT&T, certain of AT&T's employees, and AT&T call centers in Baton Rouge, Louisiana, Jackson, Mississippi, and Austin, Texas by Defendants were sent using anonymous email accounts created through Google's gmail services and distributed via AT&T internal email distribution lists. Since Google appears to have provided electronic mail services to Defendants, AT&T will need to subpoena Google to determine the true owners and operators of headhanchobrcc@gmail.com, bigmamabrcc@gmail.com, imtoouppityforthisjob@gmail.com, and iinfectedbrcc@gmail.com.

16.

The intentional transmission of the aforementioned emails have caused damage and/or loss to AT&T's computer systems. Specifically, AT&T has been forced to reconfigure its email distribution systems, perform scans for malicious programs, and install electronic safety measures.

17.

The intentional transmission of the aforementioned emails have disrupted services at the aforementioned AT&T call centers which has affected AT&T's ability to provide services to its customers. This disruption in service has resulted in additional customer service costs as well as increased overhead costs as AT&T was required to compensate its employees for significant non-productive time.

## COUNT ONE

### VIOLATION OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030)

18.

AT&T repeats and re-alleges the prior allegations of the Complaint as if set forth completely herein.

19.

The Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, provides, in pertinent part, that "whoever knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer shall be punished as provided in . . . this section." 18 U.S.C. § 1030(a)(5).

20.

The term "protected computer" means a computer "which is used in or affecting interstate of foreign commerce or communication." 18 U.S.C. § 1030(e)(2)(B). The term "damage" means "any impairment to the integrity or availability of data, a program, a system, or information." 18 U.S.C. § 1030(e)(8).

21.

The Defendants have violated the CFAA as they have intentionally sent information through anonymous emails to AT&T computers engaged in interstate commerce causing damage to same. The AT&T computers to which Defendants sent the aforementioned emails are used in interstate commerce as they are used to communicate between numerous AT&T offices and/or call centers located in states throughout the United States. Further, AT&T has suffered damages as it has been forced to reconfigure its email distribution systems, perform scans for malicious programs, and install electronic safety measures.

22.

The CFAA specifically provides that an aggrieved party may institute a private right of action. It provides, in pertinent part, that "[a]ny person who suffers damage of loss by reason of

{L0202072.1}

6

a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g). Subclause (IV) of subsection (c)(4)(A)(i) punishes any offense causing "a threat to public health or safety." 18 U.S.C. § 1030(c)(4)(A)(i)(IV).

23.

The intentional transmission of the aforementioned emails constitute a threat to public safety as they, *inter alia,* falsified an emergency situation.

24.

As a result of the foregoing, AT&T is entitled to compensatory damages sufficient to compensate it for any damage suffered as a result of the transmission of the aforementioned emails by Defendants.

25.

Defendants' conduct in violation of the CFAA has caused AT&T and certain of its employees to incur substantial damages and suffer irreparable harm, which damages and irreparable harm upon information and belief will continue to be incurred unless and until enjoined by this Court, for which no adequate remedy exists at law.

## COUNT TWO

## DAMAGE TO PROPERTY AND/OR BUSINESS

26.

AT&T repeats and re-alleges the prior allegations of the Complaint as if set forth completely herein.

{L0202072.1}

7

Case 3:12-cv-00255-JJB-MJU   Document 1   04/27/12   Page 7 of 9

27.

Under Louisiana law, "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art 2315.

28.

The intentional transmission of the aforementioned emails have caused damage and/or loss to AT&T's computer systems. Specifically, AT&T has been forced to reconfigure its email distribution systems, perform scans for malicious programs, and install electronic safety measures.

29.

The intentional transmission of the aforementioned emails have disrupted services at the aforementioned AT&T call centers which has affected AT&T's ability to provide services to its customers. This disruption in service has resulted in additional customer service costs as well as increased overhead costs as AT&T was required to compensate its employees for significant non-productive time.

30.

As a result of the foregoing, AT&T is entitled to compensatory damages sufficient to compensate it for any damage suffered as a result of the transmission of the aforementioned emails by Defendants.

WHEREFORE, AT&T demands the entry of a judgment:

(a) That Defendants and any of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, be preliminarily and thereafter permanently enjoined from further transmitting unwanted, fraudulent, deceptive, and illegal electronic communications, including but not limited to those regarding false emergency situations, office closures,

dress codes, safety concerns, and job performance issues, to AT&T and certain of its employees located in call centers in Baton Rouge, Louisiana, Jackson, Mississippi, and Austin, Texas in violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

(b) That compensatory damages be awarded in favor of AT&T and against Defendants, together with interest thereon; and

(c) That AT&T be granted such other equitable relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Gary J. Russo*
GARY J. RUSSO (#10828)
C. BARRETT RICE (#30034)
MATTHEW S. LEJEUNE (#32552)
Jones, Walker, Waechter, Poitevent
Carrere & Denegre, L.L.P.
201 St. Charles Avenue – 48th Floor
New Orleans, Louisiana 70170-5100
Phone: (504) 582-8616
Fax: (504) 582-8015
E-mail: grusso@joneswalker.com
E-mail: brice@joneswalker.com
E-mail: mlejeune@joneswalker.com
Attorneys for Plaintiff, AT&T Mobility LLC