UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **AT&T MOBILITY, LLC**<br>　　Plaintiff<br><br>**VERSUS**<br><br>**JOHN DOES a/k/a HEADHANCHOBRCC@GMAIL.COM; BIGMAMABRCC@GMAIL.COM; IMTOOUPPITYFORTHISJOB@GMAIL. COM;IINFECTEDBRCC@GMAIL.COM; AND XYZ CORPS.,**<br>　　Defendants | **CIVIL ACTION**<br><br>**NUMBER: 12-255-JJB-DLD** |

### ORDER

This motion is before the court on a referral from the district court of plaintiff's motion for expedited discovery. (rec.doc. 2)

Plaintiff filed suit pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5), alleging that unknown individuals used email accounts issued via Internet Service Provider Google, to intentionally transmit "unwanted, fraudulent, deceptive, and illegal electronic communications regarding false emergency situations, office closures, dress codes, safety concerns, and job performance issues to AT&T and certain of its employees located in call centers in Baton Rouge, Louisiana, Jackson, Mississippi, and Austin, Texas," which has damaged or impaired their systems. (rec.doc. 1) Plaintiff correctly states that Federal Rule of Civil Procedure 26(d) provides that "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order," and explains that it is unable to identify the defendants without information in the possession of Google. Thus, a Rule 26(f) conference cannot be held. A review of the jurisprudence reveals that numerous courts have routinely held that

when there is good cause shown, the court may order expedited discovery, especially in cases where the identities of defendants are unknown to plaintiff. Here, plaintiff has shown good cause to expedite limited discovery to ascertain the identities of the owners of the specified email addresses, and the court therefore will grant the motion.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for expedited discovery is **GRANTED**. Plaintiff may serve immediate discovery on Google to obtain the identities of the Doe Defendants by serving a valid Rule 45 subpoena that seeks information sufficient to identify the owner(s) of the following email addresses:

HEADHANCHOBRCC@GMAIL.COM;

BIGMAMABRCC@GMAIL.COM;

IMTOOUPPITYFORTHISJOB@GMAIL.COM; and

INFECTEDBRCC@GMAIL.COM

Such information shall include the owners' names, addresses, telephone numbers, and alternate email addresses to the extent such information is in the possession of Google.

**IT IS FURTHER ORDERED** that Google shall respond to a valid Rule 45 subpoena within 14 days of service.

Signed in Baton Rouge, Louisiana, on May 25, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**